THE OVERSEER OF THE TOWNSHIP OF BRIDGEWATER,
PROSECUTOR, v. THE OVERSEER OF THE TOWNSHIP
OF BETHLEHEM, DEFENDANT.

The authority of two justices to make an order for removal of a poor per-
son, under section 17 of the Poor act, rests upon an application to them
by an overseer of the poor, where no application has been made to the
, overseer by or on behalf of a poor person. Where such application
has been made by or on behalf of a poor person, the proceeding must
be before a single justice.

On *certiorari* bringing up a judgment of the Court of
Quarter Sessions of Hunterdon, affirming an order of removal
of two persons from the township of Bethlehem, in Hunter-
don county, to the township of Bridgewater, in Somerset
county.

The Court of Quarter Sessions send up the following find-
ings :

On the 1st day of January, 1887, one George Goeke, then
residing in the township of Bethlehem, made application to
Joseph H. Painter, overseer of the poor of said township, for
relief for himself and family. That the overseer procured an
order to be made, authorizing him to grant to the said appli-
cant public relief, and thereupon he did grant the same. That
immediately upon such application being made, the overseer
applied to two justices of the peace for an order of re-
moval ; that the witnesses examined and sworn were Joseph
H. Painter, George Goeke and Henry Rowe, and in pursu-
ance of such examination an order of removal, dated January
4th, 1887, was made by John C. Lake and John Hance, two
justices of the peace of said county of Hunterdon, removing
said pauper and family to the township of Bridgewater.

That the order was duly served, but that the examination
of Joseph H. Painter was not served with the order ; that the
order was duly appealed from by the township of Bridge-
water.

That the said paupers had no legal settlement in this state,

but had last resided continuously for twelve months in the township of Bridgewater.

That on the 16th day of March, A. D. 1887, another order of removal, purporting to be a new and amended order, was made by the same two justices, founded upon a new examination of the same witnesses, and by which it was determined that the same paupers, and another child born after the last order, had no legal settlement in this state, but had last resided, continuously, for twelve months in the said township of Bridgewater.

That this order was duly appealed from, the appeal heard by the court, and the order quashed, prior to the determination of the first appeal.

Upon these facts, we allowed the order to be amended according to schedule A, annexed hereto, and made an order sustaining the first order of removal.

A. E. SANDERSON,<br>
JOHN C. DUNHAM,<br>
HENRY P. CULLEN,<br>
<em>Judges.</em>

Argued at February Term, 1888, before Justices SCUDDER and REED.

For the prosecutors, *Gaston & Bergen.*

For the defendants, *M. Wykoff.*

The opinion of the court was delivered by

REED, J. The proceedings for the removal of a poor person are statutory, and must be pursued in strict conformity with the terms of the statute. *Princeton* v. *South Brunswick,* 3 *Zab.* 169; *New Barbadoes* v. *Paterson,* 3 *Dutcher* 544; *McCoy* v. *Newton,* 8 *Vroom* 133.

In the act for the settlement and relief of the poor there are two methods by which an order of removal can be brought about. One is contained in section 17. *Rev., p.* 839. The

other method is found in section 31 of the act (*Rev., p.* 843),. as amended by the act of 1880. *Rev. Sup., p.* 800.

The first is taken before two justices of the peace; the second may be had before a single justice.

The jurisdictional fact upon which the first proceeding rests is, that an overseer shall have reason to believe that a person who has not obtained a legal settlement in the township is chargeable, or likely to become chargeable, thereto, and applies to two justices of the peace, and informs them thereof. *Rev., p.* 839, § 17.

The jurisdictional fact upon which the second proceeding derives its vitality is, that an application for relief shall be made to an overseer by or for a poor person. *Princeton* v. *South Brunswick,* 3 *Zab.* 169.

In the present case, an application was made by a poor person to an overseer, but the overseer, instead of proceeding, under the amended thirty-first section, before a single justice, took a proceeding before two justices. In this course of action there was an absence of the condition upon the existence of which only can an application be made to two justices.

The counsel for the defendants, however, insists that the test to be applied in determining whether the proceedings shall be before a single justice of the peace, or before two justices, is whether the facts proven are such that it appears proper to make an order for a removal to the place where the poor person has last resided for twelve months continuously.

The force of this contention will be plain, when it is understood that section 17 of the Poor act, which, as already remarked, provides for a proceeding before two justices, contains the provision that if, in the examination, it appears that the poor person has no legal settlement, he may be removed to his place of last twelve months' continuous residence.

It also appears that there is no similar provision elsewhere in the statute, so that it is only when a proceeding is taken before two justices that a removal can be made to this place of twelve months' continuous residence. From this peculiarity of the act the counsel for the defendant draws the conclusion,

Alsbath v. Philbrick.

that, if it be shown that an order of the last kind can be made, then it must follow that two justices have jurisdiction to make the order.

But it is apparent that, while it is requisite that the order shall be made by two justices, if made at all, yet that the jurisdiction of two justices to sit together, and make an order of any kind, rests entirely upon other ground.

The organization of the special tribunal precedes the period when the above stated condition of affairs, which justifies such an order, is ascertained to exist. The constitution of the tribunal, whether of one or two justices, is dependent, as already remarked, upon the fact whether the action of the overseer was with or without the previous application of the poor person.

There is, of course, no reason why the power to make an order to the place of twelve months' continuous residence should not be exercised in all cases; nor is there any reason why there should be two proceedings, one taken before a single and the other before two justices, but the statute, as it stands, is framed otherwise, and we are constrained, as already observed, to follow its provision strictly.

As the statutory facts to justify an application to two justices did not exist in the present case, the order made by them must be reversed.